United States District Court
Southern District of Texas
**ENTERED**
July 05, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALICE M. RIOJAS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL NO. 2:14-CV-371 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

# ORDER

BE IT REMEMBERED that on July 5, 2017, this Court **DISMISSED** the above-captioned case for failure to prosecute under Federal Rules of Civil Procedure 16(f), 37(b)(2)(A)(v), and 41(b). *See* Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 41(b).

## I.   Background

Plaintiffs are Alice M. Riojas ("A. Riojas") and Hector G. Riojas ("H. Riojas"). On March 19, 2014, Plaintiffs filed their Original Petition for Declaratory Judgment and Application for Temporary Restraining Order and Temporary Injunction against Wells Fargo Bank N.A., as Trustee for Securitized Asset Backed Receivables LLC Trust 2006-OP1, Mortgage Pass-Through Certificates, Series 2006-OP1 ("Wells Fargo"). *See* Dkt. No. 1 at 1; Dkt. No. 1 Ex. 4. They sought a restraining order and injunctive relief to enjoin an eviction of themselves and any other occupants from the property located at 115 County Road 434 (County Road 434 & 72 West), Three Rivers, Texas 78072. *Id.* at 1–2.

On September 3, 2014, Plaintiffs' state court case was removed to this Court. Dkt. No. 1. On August 6, 2015, Plaintiffs filed their first amended complaint with the Court. First Am. Compl., Dkt. No. 19. On October 30, 2015, Plaintiffs filed a notice of intent to settle, in which they indicated that they were in the process of resolving the matter with Wells Fargo and requested thirty days to finalize the settlement and dismissal documents. Dkt. No. 29. On November 3, 2015, this Court

ordered the parties to file either closing papers or a status report by November 30, 2015. Dkt. No. 30. On November 30, 2015, Plaintiffs filed a Joint Status Report indicating that the parties were continuing to finalize settlement and requested forty-five days to finalize the settlement. Dkt. No. 31. This Court then ordered closing papers to be due on January 14, 2016. Dkt. No. 32. On December 11, 2015, Plaintiffs' attorney Reynaldo Martinez, Jr. ("Martinez") filed a motion to withdraw as attorney. Dkt. No. 33; *see also* Dkt. No. 35. Martinez represented that the parties entered into settlement negotiations but that the Plaintiffs "failed to communicate with counsel since negotiations." Dkt. No. 35 at 1. Martinez represented that a modification packet was e-mailed to the Plaintiff, without response, and that he telephoned, mailed letters, and email Plaintiffs, and attached an affidavit averring as such. *Id.*; *see also* Dkt. No. 36. After two additional orders delineating to ensure that Plaintiffs have reasonable notice of Martinez's intent to withdraw and Martinez's filings meeting those requirements, on June 9, 2016, this Court granted Martinez's motion to withdraw as attorney-in-charge for Plaintiffs. Dkt. No. 44 (granting motion, Dkt. No. 35). That order further stated:

> The parties announced their intent to settle this action before a scheduling order was entered. Given the passage of time and the fact that Plaintiffs are no longer represented by counsel, the Court ORDERS the parties to conduct a supplemental conference under Federal Rule of Civil Procedure 26(f) and file an amended joint discovery/case management plan by and including July 7, 2016.
>
> The Court cautions Plaintiffs that failure to participate in the supplemental conference required by this order may result in the imposition of sanctions allowed by Federal Rule of Civil Procedure 16(f) and 37(a)(2)(B)(ii)–(vii) [sic] [37(b)(2)(A)(ii)–(vii)]. Sanctions may include dismissal of this action. See Fed. R. Civ. P. 41(b) (authorizing dismissal for failure to prosecute) . . . .

Dkt. No. 44 at 4; Dkt. No. 56 at 1 (repeating the contents of the June 9, 2016, order).

At the Court's direction, the Clerk sent Plaintiffs a copy of the order entered June 9, 2016, via regular and certified mail, return receipt requested, to the following last-known addresses for Plaintiffs: P.O. Box 73, Three Rivers TX 78071 and 101 CR 434, Three Rivers TX 78071. Dkt. No. 44 at 4. The record reflects,

however, that the certified mail sent to Plaintiffs was returned undeliverable. Dkt. Nos. 48–54.

On July 8, 2016, Wells Fargo filed an Advisory representing that defense counsel was unable to contact Plaintiffs to arrange a time for the supplemental Rule 26(f) conferenced ordered by the Court. Advisory to Ct., Dkt. No. 55 at 1. Wells Fargo represented that, per a Court Order, defense counsel attempted to conduct a Joint Discovery/Case Management conference with Plaintiffs, but was unable to reach the Plaintiffs by phone, e-mail or regular mail. *Id.* at 1–2. Wells Fargo also attached as exhibits letters from defense counsel to Plaintiffs providing evidence in support of these representations. *Id.* Exs. A–C. Wells Fargo's attorney-in-charge represented that he took the following actions:

> After receipt of the Court's Order, on June 10, 2016, undersigned counsel for Defendant called the number provided on the Amended Motion to Withdraw. The recording stated that it was "not accepting calls at this time." Undersigned counsel sent an email to withdrawn counsel for Plaintiffs (Mr. Martinez) asking for any other last known contact information due to that recording as well as the belief that Plaintiffs had been evicted from the property via an executed writ of possession. Undersigned counsel has not heard back from such counsel.
>
> On June 13, 2016, undersigned counsel advised the Court's Case Manager regarding the difficulty contacting pro se Plaintiffs. Counsel for Defendant also called Alice Riojas and Hector Riojas at phone numbers provided in a Motion to Withdraw as Counsel filed by Thomas Forehand of Schneider & McWilliams, PC on or about January 25, 2016 in the Court of Appeals for the Thirteenth District of Texas at Corpus Christi, Cause No. 13-15-00279-CV (attached hereto as Exhibit A). When the number provided for Alice Riojas ((361) 449-6865) was called, a recording said the voicemail had not yet been set up. When the number provided in Mr. Martinez's Amended Motion to Withdraw was called again, the same recording stated "not accepting calls at this time."
>
> Undersigned counsel also called the number provided for Hector G. Riojas in the abovereferenced Motion to Withdraw filed by Thomas Forehand—(361) 318-5233. Mr. Riojas immediately called back undersigned counsel and stated that he and Alice Riojas were divorced four (4) years ago, that she received the property in the divorce, and

> that he "wants nothing to do with all of this." Undersigned counsel confirmed Mr. Riojas's P.O. Box address (P.O. Box 973, Three Rivers, Texas 78071) and told Mr. Riojas that we would send him a copy of the Court's Order and it was up to him to consult with Mr. Martinez, Mr. Forehand or other counsel regarding same or this lawsuit. Mr. Riojas also advised that he believed that the correct P.O. Box address for Alice Riojas was P.O. Box 73, Three Rivers, Texas 78071 (which was the same one shown by counsel for Mr. Martinez in Dkt. 43 Ex. B at 1).
>
> Further, on June 13, 2016, undersigned counsel then sent the Court's Order—along with a cover letter attached hereto as Exhibit B requesting to be contacted as soon as possible to conduct the supplemental conference as ordered by the Court and then file an amended joint discovery/case management plan—to pro se Plaintiffs via certified and regular mail at both the last-known physical address provided in the Amended Motion to Withdraw—101 CR 434, Three Rivers, Texas 78701 as well as the last-known P.O. Box addresses above. As shown by the returned mail attached as Exhibit C, both the certified and regular mail to the physical address (101 CR 434) were returned. The certified mail to Alice Riojas at P.O. Box 73 was also returned. The regular mail to that address has not been returned. Also, neither the regular nor certified mail to the P.O. Box above provided by Hector Riojas (P.O. Box 973) has been returned.
>
> Undersigned counsel has since followed up such correspondence with additional calls to Alice Riojas at the above phone numbers on June 28, 2016 and July 6, 2016, but only reached the same recordings as on June 10 and June 13, 2016. Undersigned counsel also called Hector Riojas on July 6, 2016 at the number above where he was previously reached, but has not heard back from Mr. Riojas.

Advisory to Ct. 2–3, July 8, 2016, Dkt. No. 55 (internal citations and footnote omitted). Accordingly, Defendant asks the Court to dismiss this Action. Advisory to Ct., Dkt. No. 55 at 1, 3.

Based on the foregoing, on July 11, 2016, this Court then ordered Plaintiffs to show cause by and including August 1, 2016, why this case should not be dismissed for failure to obey this Court's order entered June 9, 2016, and failure to prosecute under Federal Rules of Civil Procedure 16(f), 37(a)(2)(B)(v) [sic] [37(b)(2)(A)(v)], and 41(b). Dkt. No. 56 at 3. The Court further ordered the Clerk to send Plaintiffs a copy of the order by United States Postal Service first class mail, and certified mail return receipt requested, or other receivable means, to their last-known addresses:

Alice M. Riojas, P.O. Box 73, Three Rivers TX 78071; Hector G. Riojas, P.O. Box 973, Three Rivers TX 78071; and Alice M. Riojas and Hector G. Riojas, 101 CR 434, Three Rivers TX 78071. *Id.* at 4.

The July 11, 2016 Order was sent by regular mail and by certified mail (return-receipt requested) to all addresses on file for Plaintiffs. Since then, all regular mail and certified mail has been returned as undeliverable. *See* Dkt. Nos. 57, 58, 59, 63, 64, 65.

## II. Dismissal for Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. Fed. R. Civ. P. 41(b). The rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be either with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). The Fifth Circuit has, however, consistently held that Rule 41(b) dismissals with prejudice will be affirmed "only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice." *Salinas v. Sun Oil Co.*, 819 F.2d 105, 106 (5th Cir. 1987) (internal citations and quotations omitted); *see also Dorsey v. Scott Wetzel Servs., Inc.,* 84 F.3d 170, 171 (5th Cir. 1996); *Long*, 77 F.3d at 879–80.

Having reviewed the record and the chronology of events in this case, the Court finds that Wells Fargo's request to dismiss the case should be granted. This case was removed to federal court thirty-two months ago, and Plaintiffs have failed to appear since the withdrawal of Martinez. Martinez provided evidence in support

of his representation that he was no longer able to prosecute the case because of Plaintiffs' "complete lack of communication." Dkt. No. 35 at 1. Furthermore, this lack of communication began after settlement negotiations and after terms of a proposed settlement had been reached, demonstrating that the delay in prosecution has been caused by Plaintiffs, and not by the attorney-of-record. *Id.* Nor is there any indication that Plaintiffs reached out to Martinez to provide their new contact information. *See id.*

Since June 2016, this Court has been unable to deliver Orders to the Plaintiffs—through both certified and regular mail and at both the P.O. Box 73 and 101 CR 434 addresses on file. Wells Fargo has also not been able to contact Plaintiffs to arrange a time to meet and confer with defense counsel to produce a Joint Discovery/Case Management Plan. *See* Dkt. No. 44 at 4. The delay caused by Plaintiffs' continuing unavailability subverts judicial economy and unduly prejudices Wells Fargo. *See Hickman v. Fox Television Station*, Inc., 231 F.R.D. 248, 252 (S.D. Tex. 2005), aff'd, 177 F. App'x 427 (5th Cir. 2006).

While short delays in a case are normal and, thus, generally tolerated by courts, delays in proceedings that last for more than one year and effectively cause the action to come to a standstill are entirely unacceptable because they clog the docket, subvert the court's efficiency, and unnecessarily waste judicial resources. *See Hickman*, 231 F.R.D. at 252. Hence, "[t]he federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir.1995) (quoting *Link,* 370 U.S. at 630). This inherent authority necessarily includes the power of a court "to control its docket by dismissing a case as a sanction for a party's failure to obey court orders." *Id.* It would be unfair to permit the uncertainty surrounding a plaintiff's suit keep the defendant in perpetual anticipation of the date that the case may proceed forward. *See Hickman*, 231 F.R.D. at 253. In this case, the standstill has lasted for over one year.

On the basis of Plaintiffs' inaction, the court is authorized to sanction Plaintiffs not only under Rule 41(b), but also Rules 16(f) and 37(b). Rule 16(f) provides that if a party or party's attorney fails to obey a scheduling or pretrial

order, the court may make such orders with regard thereto as are just, including any sanction under Rule 37(b)(2). *See* Fed. R. Civ. P. 16(f). Here, Plaintiffs did not abide by the Court's order to conduct a supplemental 26(f) conference following the withdrawal of Martinez. *See* Dkt. No. 44 at 4. Rule 37(b)(2)(A)(v), in turn, authorizes a court to dismiss an action as a sanction for a party's failure to obey a court order to provide discovery. Fed. R. Civ. P. Rule 37(b)(2)(A)(v). As shown above, Plaintiffs have not abided by this Court's order nor communicated with their attorney-of-record or defense counsel since December 2015.

The Fifth Circuit has held that dismissal without prejudice effectively acts as a dismissal *with* prejudice where the plaintiff would be unable to re-file her suit at a later date because the limitations period on her claim had already expired. *See Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992) ("Where further litigation of a claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.") (internal alterations and citation omitted); *see also Long,* 77 F.3d at 880. Thus, for example, in *Berry,* the Fifth Circuit found that the district court's dismissal without prejudice of the plaintiff's Title VII claims was in fact a dismissal with prejudice where the limitations period had already run on the plaintiff's Title VII cause of action at the time of dismissal. The Fifth Circuit reversed the district court's dismissal of the plaintiff's complaint because it was done without notice to the plaintiff and done simply because the plaintiff failed to move for default judgment within the ninety days of default as required by the Local Rules for the District Court for the Northern District of Texas. The Fifth Circuit found that "nothing in the record indicates a clear record of delay or contumacious conduct." *Berry*, 975 F.2d at 1190–91.

The Fifth Circuit also requires that at least one of three possible "aggravating" factors be present when dismissing an action with prejudice: "(1) delay caused by plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 1191. In this instance, it is clear that the delay was caused by Plaintiffs themselves and not their attorney.

Although dismissal of this case may act to prevent Plaintiffs from reasserting their claims in a subsequent lawsuit, the Court nevertheless finds that this particular sanction is just and proper under the circumstances. The Court is aware that dismissal with prejudice is a "harsh sanction." *See Woodson,* 57 F.3d at 1417. However, there is absolutely no indication here that lesser sanctions, including the assessment of monetary fines, will cure the indefinite delay to the disposition of this suit resulting from Plaintiffs' continuing and open-ended unavailability. *See Hickman*, 231 F.R.D. at 253. Additionally, this Court has taken multiple steps to apprise Plaintiffs of the risk of dismissal, both through orders to Martinez and through direct mailing of Orders to Plaintiffs through regular and certified mail and to two addresses on file with the Court. The multiple efforts to notify Plaintiffs and the length of time that has passed since Plaintiffs' last communication with their attorney-of-record or with defense counsel distinguish this case from the posture of *Berry*, where the district court dismissed the plaintiff's complaint without notice and because of one missed deadline. *See Berry*, 975 F.2d at 1190. Here, imposition of a less harsh sanction would be futile. *See Hickman*, 231 F.R.D. at 253.

### III. Conclusion

In sum, the court will dismiss this action without prejudice under Rules 16(f), 37(b), and 41(b). As described above, dismissal is the appropriate sanction.

For these reasons, the Court **GRANTS** Wells Fargo's request to dismiss, Dkt. No. 55, and **DISMISSES** the above-captioned suit. The Court further **DIRECTS** the Clerk to close the above-captioned case.

SIGNED this 5th day of July, 2017.

Hilda Tagle
Senior United States District Judge